# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT,<br><br>                 Petitioner,<br>  vs.<br><br>M. HACKER,<br><br>                 Respondent. | CASE NO. 1:08cv572-IEG(WMc)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 1]; DENYING MOTIONS AS MOOT [Doc. Nos. 20 and 21] |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an institution disciplinary action wherein, on January 2, 2007, he was found guilty of battery on an inmate, with no serious injury.  Respondent has filed an Answer and Petitioner has filed a Traverse.

    On December 10, 2008, Petitioner filed a motion for preliminary injunction and a motion for discovery.

    Upon review of the merits of the petition, the Court finds the challenged disciplinary action was supported by "some evidence," and the state court's decision rejecting Petitioners claims was neither contrary to nor an unreasonable application of clearly established Federal law.  Therefore, the Petition is DENIED and the recently-filed motions are DENIED as moot.

## *Background*

    Following an altercation with his cell mate, Petitioner was found guilty of battery on an

inmate, with no serous injury, resulting in a ninety day credit forfeiture.  [Answer, Exhibit 2; CDC 115 Rules Violation Report.]  Petitioner challenged this guilty finding by filing an administrative appeal both to the Second and Director's Level. These administrative appeals were denied.  [Answer, Exhibit 3.]

Petitioner filed a petition for a writ of habeas corpus in the Kings County Superior Court alleging that the disciplinary action violated his right to due process.  [Answer, Exhibit 4.]  The Superior Court denied that petition. [Supplemental Filing, Doc. No. 24.]  Thereafter, Petitioner filed a petition for a writ of habeas corpus with the California Court of Appeal and California Supreme Court.  [Answer, Exhibits 5 and 6.]  Those courts both summarily denied relief. [Id.]

The current petition was timely filed on April 22, 2008.  Respondent filed an Answer, attaching the record of the disciplinary proceedings and state court proceedings.  Petitioner filed a Traverse.

### *Discussion*

Pursuant to 28 U.S.C. § 2254, a federal court may grant a writ of habeas corpus only where the state court's adjudication of the matter was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or where the state court's determination was "based on an unreasonable determination of the facts in light of the evidence presented . . . ."  28 U.S.C. § 2254(d)(1) and (2).

Prisoners are entitled to due process under the Fourteenth Amendment when they are facing disciplinary proceedings affecting the duration of their confinement.  In Wolff v. McDonnell, 418 U.S. 539 (1974) the Supreme Court held that an inmate facing disciplinary proceedings which may result in the loss of good time/behavioral credits must receive:  (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action.  Furthermore, the disciplinary finding must be supported by "some evidence."  Superintendent v. Hill, 472 U.S. 445, 454-55 (1984).

In this case, Petitioner alleges his right to due process was violated because he struck his

cell mate, a violent mentally-deranged prisoner with whom he was involuntarily housed, only after his cell mate first attacked him.  Petitioner further alleges the reporting employee, Correctional Officer J. Moreland was present during the hearing even though Petitioner did not request any witnesses.  Finally, Petitioner argues the Rules Violation Report incorrectly states that he partially admitted to the charge.  None of these claims merit habeas relief.

First, even if Petitioner's cell mate struck him first, his right to due process was not violated by the disciplinary finding.  The Court is not aware of any California law or regulation affording an inmate the right to strike another in retaliation.  Furthermore, according to the Rules Violation Report, Petitioner's cell mate was handcuffed when Petitioner struck him.  Therefore, Petitioner was not acting in self defense.

Petitioner argues the reporting officer was present at the hearing even though Petitioner requested no witnesses. However, there is nothing to suggest the Reporting Officer was a witness at the hearing.  In addition, Cal. Code Regs. tit. 15, § 3315(e)(3) allows a hearing official to call any witness who may have information necessary to the finding of fact regardless of whether the inmate requests witnesses.

Finally, although Petitioner argues the Rules Violation Report incorrectly states he partially admitted the charge, Petitioner does not deny he struck his cell mate.  Even without Petitioner's admission he struck his cell mate, Correctional Officer Moreland's written account of the incident is "some evidence" to support the disciplinary finding.  Petitioner was not denied due process.  The state court's decision denying Petitioner relief was neither contrary to nor an unreasonable application of clearly established law.

### *Conclusion*

For the reasons set forth herein, the petition for a writ of habeas corpus is DENIED. Petitioner's motions for injunctive relief and discovery are DENIED AS MOOT.

**IT IS SO ORDERED**.

DATED: December 18, 2008

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court